UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN KRASUCKI,<br><br>               Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>               Defendant. | CASE NO. C15-0229JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION |

## I.    INTRODUCTION

Before the court is pro se Plaintiff John Krasucki's motion for an extension of time to respond to Defendant Nationstar Mortgage, LLC's ("Nationstar") motion to dismiss. (Mot. (Dkt. # 11).)  Mr. Krasucki filed his motion on April 20, 2015, the same day on which his response was due, seeking an approximately five-week extension until May 24, 2015. (*Id.* at 1; *see also* Mot. to Dismiss (Dkt. # 9).)  In support of this request, Mr. Krasucki asserts that he is proceeding pro se, that he has yet to request an extension with regard to Nationstar's motion, and that his requested extension will not prejudice

ORDER- 1

Nationstar. (Mot. at 1-2.) Having reviewed Mr. Krasucki's motion, the balance of the record, and the relevant law, the court denies Mr. Krasucki's requested extension but grants a more limited extension as described below.

## II.  BACKGROUND

Mr. Krasucki filed this action on February 13, 2015, alleging claims for breach of contract, violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and declaratory relief. (*See* Compl. (Dkt. # 1).) Although Nationstar's deadline to answer or otherwise respond to his complaint was March 10, 2015, Mr. Krasucki agreed to a three-week extension of that deadline. (*See* Def.'s Mot. for Ext. (Dkt. # 5) at 1.) Pursuant to that agreement, Nationstar filed an unopposed motion for an extension (*id.*), which the court granted (3/6/2015 Order (Dkt. # 8)). On March 31, 2015, Nationstar filed its motion to dismiss. (*See* Mot. to Dismiss.)

## III.  DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) authorizes the court to extend "for good cause" the time to perform an act if the request is made before the original time to perform the act expires. Fed. R. Civ. P. 6(b)(1). Here, Mr. Krasucki filed his motion for an extension before the original time to respond to Nationstar's motion to dismiss expired; therefore, the "good cause" standard applies. *See id.*

The court finds that Mr. Krasucki has not shown good cause for a five-week extension but that good cause exists for a four-week extension. As noted above, Mr. Krasucki agreed to extend by three weeks Nationstar's deadline to respond to his

complaint. (*See* Def.'s Mot. for Ext. at 1.) Nationstar used that extension to prepare its motion to dismiss. As such, the court finds that a similar extension of the time for Mr. Krasucki to respond to the motion to dismiss is appropriate in the interests of fairness. In addition, Mr. Krasucki is proceeding pro se; therefore, the court finds good cause to add an additional week to the period of his extension.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Krasucki's motion for an extension (Dkt. # 11) and GRANTS Mr. Krasucki an additional four (4) weeks in which to respond to Nationstar's motion to dismiss. Mr. Krasucki's response to Nationstar's motion to dismis is due by May 18, 2015. Accordingly, the court DIRECTS the Clerk to renote Nationstar's motion to dismiss for May 22, 2015.

Dated this 21st day of April, 2015.

JAMES L. ROBART
United States District Judge